**Opinion issued August 17, 2021**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-20-00360-CV

———————————

**JAMES RICHARD SHARP, II, Appellant**

**V.**

**CHLOE ANN JIMMERSON, Appellee**

---

**On Appeal from the 280th District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-79737**

---

## MEMORANDUM OPINION

Appellee Chloe Ann Jimmerson sought a protective order against appellant

James Richard Sharp, II. After a hearing, the trial court granted the protective order

under Code of Criminal Procedure Chapter 7A based on its finding that there were

"reasonable grounds to believe [Jimmerson] is a victim of harassment pursuant to Texas Penal Code [Section] 42.07."[1]

In three issues on appeal, Sharp contends (1) the trial court erred by issuing a protective order under Code of Criminal Procedure Chapter 7A because the pleadings only provided notice that Jimmerson was seeking a protective order under the Family Code; (2) the evidence is insufficient to justify a protective order under the Family Code because the trial court did not make the required findings to support a family-violence protective order; and (3) the evidence is insufficient to justify a protective order under the Code of Criminal Procedure because the trial court found Jimmerson was a victim of harassment, which is not a qualifying offense under Chapter 7A.

Because we agree with Sharp that the trial court did not make the required findings to support a protective order under either the Family Code or the Code of Criminal Procedure, we vacate the trial court's order and dismiss the case. We note that nothing in this opinion prevents Jimmerson from seeking further relief from the trial court in the form of a new protective order.

---

[1] Chapter 7A of the Code of Criminal Procedure was repealed by the Texas Legislature in the 2019 legislative session, and these provisions were recodified without substantive amendment in Chapter 7B. Chapter 7B took effect on January 1, 2021. The provisions of former Chapter 7A were in effect at the time the trial court issued the protective order against Sharp, and thus are referenced in this opinion.

## Background

On October 31, 2019, Jimmerson applied for a protective order, alleging that Sharp committed acts of family violence and that his conduct "was reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass" Jimmerson. Among other things, she sought to prohibit Sharp from (1) "committing family violence as defined in [S]ection 71.004 of the Texas Family Code"; (2) "communicating directly with [her] in a threatening or harassing manner"; and (3) "engaging in conduct directed specifically toward [her] . . . that [would be] reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass [her]."

At the hearing on her application, Jimmerson testified that she and Sharp were formerly in a relationship and share a child, B.J.S., together. B.J.S. was born in August 2016. After their relationship ended in August 2017, Jimmerson and Sharp set up a temporary custody and visitation schedule for B.J.S., whereby Sharp would have custody of B.J.S. for the first twelve days of each month, instead of weekends, because Sharp was working out of state.

A dispute arose in October 2019, after B.J.S. allegedly told Sharp that he saw Jimmerson having sexual intercourse with a man and "was terrified." According to Jimmerson's testimony, Sharp called her on October 4th while she was driving, told her to put him on speaker phone, and said "if you ever have sex near [B.J.S.] again,

3

I will slit your effing throat."[2] Jimmerson's boyfriend, Royce Chavez, testified that he was in the car when Jimmerson received the call from Sharp and he heard Sharp say "I'm going to slit your [f***ing] throat if you ever have sex around my kid."[3] Although Sharp denied threatening to slit Jimmerson's throat, he admitted he spoke with Jimmerson and told her he knew what she did and to not let it happen again. Sharp's mother testified that she was in the room when Sharp called Jimmerson on October 4th but did not hear him say "I'm going to slit your f***ing throat." She agreed, however, that the statement sounded like something Sharp might say.

Jimmerson also testified that Sharp sent text messages to her parents. In the text messages, Sharp called Jimmerson "nasty," "disgusting," a "f***ing whore," and a "pedophile." Although Sharp admitted that he sent such messages to Jimmerson's father, he denied using foul language in the text message sent to Jimmerson's mother.

At the conclusion of the hearing, the trial court granted the protective order, finding, "based on the evidence and testimony presented, that there are reasonable grounds to believe that [Jimmerson] is a victim of harassment pursuant to Texas

---

[2]  In her affidavit attached to her application, Jimmerson stated that Sharp threatened: "If you have sex in the bed with [B.J.S.] again I will slit your f***ing throat."

[3]  Chavez first testified that he heard Sharp say, "I'm going to slit your throat if you ever have sex around my kid." But he clarified that Sharp actually stated, "I'm going to slit your f***ing throat."

Penal Code [Section] 42.07." The protective order, entered by the trial court on February 21, 2020, included these pertinent findings:

- "Jimmerson had a previous dating relationship with [Sharp] and . . . the parties shar[e] a child together."

- "[T]here are reasonable grounds to believe [Jimmerson] is a victim of harassment pursuant to Texas Penal [C]ode [Section] 42.07."

- "[T]his Protective Order is necessary for the safety and welfare of [Jimmerson] and for the prevention of further conduct by [Sharp]."

- "[Sharp] has communicated to [Jimmerson] in a manner with the intent to harass, annoy, alarm, abuse, torment, or embarrass her, and in addition that [Sharp] used the child as leverage in an attempt to get [Jimmerson] to do something that he wanted her to do."

Sharp requested that the trial court issue findings of fact and conclusions of law. On March 12, 2020, the trial court signed the findings of fact and conclusions of law proposed by Jimmerson, which contained the same findings noted above in the protective order. Sharp appealed.

**Notice of Grounds for Protective Order**

In his first issue, Sharp argues that the trial court erred in granting the protective order under the Code of Criminal Procedure because Jimmerson's application for the protective order exclusively sought relief under the Family Code. *See* Act of May 16, 2011, 82nd Leg., R.S., ch. 135, § 2, art. 7A.01, 2011 Tex. Gen. Laws 640, 640 (repealed 2019); TEX. FAM. CODE § 82.002; *see also Shoemaker v. State for Protection of C.L.*, 493 S.W.3d 710, 715 (Tex. App.—Houston [1st Dist.] 2016, no pet.) ("A person can request a protective order under either the Family

5

Code or the Code of Criminal Procedure."). As the Family Code was the only ground pleaded, Sharp asserts he did not have fair notice that Jimmerson was seeking, or that the trial court would issue, a protective order under Section 42.07 and Chapter 7A. Thus, Sharp contends we should reverse and vacate the protective order because "the trial court's findings are not consistent with the pleadings." Jimmerson responds that Sharp waived this issue because he failed to raise it in the trial court. We agree with Jimmerson.

Jimmerson's application alleged that:

- "[Jimmerson] and [Sharp] previously had a dating relationship as defined in section 71.0021(b) of the Texas Family Code. The relationship resulted in the child underlying all of these actions. The relationship is ended."

- "[Sharp] committed acts that were intended by [Sharp] to result in physical harm, bodily injury, assault, or sexual assault or were threats that reasonably placed . . . Jimmerson in fear of imminent physical harm, bodily injury, assault, or sexual assault. [Sharp]'s acts therefore constitute family violence."

The application, however, also included the allegation that Sharp's "conduct was reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass" Jimmerson and her family members.[4] Jimerson requested that the trial court issue a protective order prohibiting Sharp "from committing family violence as defined in section

---

[4] Jimmerson's allegation tracked some of the language used in Section 42.07 of the Penal Code, the criminal harassment statute, which makes it an offense for a person to engage in certain enumerated conduct "with intent to harass, annoy, alarm, abuse, torment, or embarrass another[.]" TEX. PENAL CODE § 42.07(a).

71.004 of the Texas Family Code." Jimmerson also requested that the protective order prohibit Sharp from "communicating directly with [Jimmerson] in a threatening or harassing manner" and "engaging in conduct directed specifically toward [Jimmerson] . . . that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass [Jimmerson]."

After the hearing, the trial court issued a protective order finding that "there are reasonable grounds to believe [Jimmerson] is a victim of harassment pursuant to Texas Penal [C]ode [Section] 42.07" and that Sharp "communicated to [Jimmerson] with the intent to harass, annoy, alarm, abuse, torment, or embarrass her[.]" The trial court included similar findings in its findings of fact and conclusions of law.

To preserve an issue for appeal, Texas Rule of Appellate Procedure 33.1 requires a party to make the complaint to the trial court by "a timely request, objection, or motion." TEX. R. APP. P. 33.1(a)(1). Sharp did not file any post-trial motions or otherwise seek to modify the protective order on the ground that the findings did not conform with the pleadings. Nor did Sharp object when the trial court issued its ruling from the bench that "there are reasonable grounds to believe that [Jimmerson] is the victim of harassment pursuant to Texas Penal Code [Section] 42.07." Rule 33.1 "does not allow a party to raise a lack-of-pleading issue for the first time on appeal." *In re C.Z.P.*, No. 14-17-00565-CV, 2019 WL 386048, at *7 (Tex. App.—Houston [14th Dist.] Jan. 31, 2019, no pet.) (mem. op.) (holding

argument that relief granted in judgment did not conform to pleadings was not preserved because it was raised for first time on appeal). Accordingly, we hold Sharp failed to preserve for appellate review his argument that the trial court's findings were not consistent with the pleadings. *See* Tex. R. App. P. 33.1(a); *In re C.Z.P.*, 2019 WL 386048, at *7.

We overrule Sharp's first issue.

### Sufficiency of Findings in Protective Order

In his second and third issues, Sharp argues that we should vacate the protective order because the trial court failed to make the required findings to support the protective order under either the Family Code or Chapter 7A of the Code of Criminal Procedure, and therefore, there is insufficient evidence to support the protective order. Jimmerson responds that there was sufficient evidence introduced at trial that family violence was likely to occur in the future. She does not, however, respond to Sharp's argument that the trial court failed to make the findings required by the Family Code and the Code of Criminal Procedure.

### A. Governing Law

Protective orders are governed by provisions in both the Family Code and the Code of Criminal Procedure. *Kloecker v. Lingard*, No. 01-19-00533-CV, 2021 WL 2096663, at *4–5 (Tex. App.—Houston [1st Dist.] May 25, 2021, no pet. h.); *Shoemaker*, 493 S.W.3d at 715. Family Code Section 82.002 allows a person to file

8

an application for a protective order to protect against family violence, which includes dating violence. *See* TEX. FAM. CODE § 82.002 (setting out who may file application for protective order and under what circumstances); *id.* § 71.004 (defining "family violence," which includes "dating violence"); *id.* § 71.0021(a) (defining "dating violence"). Code of Criminal Procedure article 7A.01 allows a person who is a victim of stalking, among other specified criminal offenses not at issue in this case,[5] to file an application for a protective order. *See* Act of May 16, 2011, 82nd Leg., R.S., ch. 135, § 2, art. 7A.01, 2011 Tex. Gen. Laws 640, 640 (repealed 2019); *Shoemaker*, 493 S.W.3d at 716. Harassment, as defined in Section 42.07 of the Penal Code, is not one of the enumerated offenses for which a person may seek a protective order under Chapter 7A. *See* Act of May 16, 2011, 82nd Leg., R.S., ch. 135, § 2, art. 7A.01, 2011 Tex. Gen. Laws 640, 640 (repealed 2019).

Section 42.072 of the Texas Penal Code defines the offense of stalking as follows:

> (a) A person commits the offense of stalking if the person, on more than one occasion and pursuant to the same scheme or course of conduct that is directed specifically at another person, knowingly engages in conduct that:

---

[5]     Those offenses include continuous sexual abuse of a child, indecency with a child, sexual assault, aggravated sexual assault, trafficking of persons, continuous trafficking of persons, and compelling prostitution. *See* Act of May 16, 2011, 82nd Leg., R.S., ch. 135, § 2, art. 7A.01, 2011 Tex. Gen. Laws 640, 640 (repealed 2019).

(1) constitutes an offense under [Penal Code] Section 42.07 [Harassment], or that the actor knows or reasonably should know the other person will regard as threatening:

    (A) bodily injury or death for the other person;

    (B) bodily injury or death for a member of the other person's family or household or for an individual with whom the other person has a dating relationship; or

    (C) that an offense will be committed against the other person's property;

(2) causes the other person, a member of the other person's family or household, or an individual with whom the other person has a dating relationship to be placed in fear of bodily injury or death or in fear that an offense will be committed against the other person's property, or to feel harassed, annoyed, alarmed, abused, tormented, embarrassed, or offended; and

(3) would cause a reasonable person to:

    (A) fear bodily injury or death for himself or herself;

    (B) fear bodily injury or death for a member of the person's family or household or for an individual with whom the person has a dating relationship;

    (C) fear that an offense will be committed against the person's property; or

    (D) feel harassed, annoyed, alarmed, abused, tormented, embarrassed, or offended.

TEX. PENAL CODE § 42.072(a); *Shoemaker*, 493 S.W.3d at 716.

     Section 42.07 of the Penal Code provides that a person commits the offense of harassment if the person, "with intent to harass, annoy, alarm, abuse, torment, or embarrass another,"

(1) initiates communication and in the course of the communication makes a comment, request, suggestion, or proposal that is obscene;

(2) threatens, in a manner reasonably likely to alarm the person receiving the threat, to inflict bodily injury on the person or to commit a felony against the person, a member of the person's family or household, or the person's property;

(3) conveys, in a manner reasonably likely to alarm the person receiving the report, a false report, which is known by the conveyor to be false, that another person has suffered death or serious bodily injury;

(4) causes the telephone of another to ring repeatedly or makes repeated telephone communications anonymously or in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another;

(5) makes a telephone call and intentionally fails to hang up or disengage the connection;

(6) knowingly permits a telephone under the person's control to be used by another to commit an offense under this section; or

(7) sends repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another.

TEX. PENAL CODE § 42.07(a).

After holding a hearing on the application and before issuing a protective order under either the Family Code or Chapter 7A, the trial court is required to make certain findings. For a family-violence protective order under the Family Code, the trial court is required to find whether family violence has occurred and whether family violence is likely to occur in the future. TEX. FAM. CODE § 85.001(a); *see also Taylor v. Taylor*, 608 S.W.3d 265, 272 (Tex. App.—Houston [1st Dist.] 2020, no pet.). And for protective orders sought under Chapter 7A, the trial court shall find

11

whether there are reasonable grounds to believe that the applicant is a victim of stalking. Act of May 16, 2011, 82nd Leg., R.S., ch. 135, § 4, art. 7A.03, 2011 Tex. Gen. Laws 640, 641 (repealed 2019); *Shoemaker*, 493 S.W.3d at 717.

Where the trial court fails to make findings of fact and conclusions of law that include these required findings, "we can neither presume the existence of these omitted findings in support of the judgment nor independently review the record to ascertain whether the evidence would support such findings had they been made." *Taylor*, 608 S.W.3d at 272 (vacating trial court's family-violence protective order because trial court failed to make required findings that respondent either committed family violence and was likely to commit family violence in future or had violated prior family-violence protective order); *see also* TEX. R. CIV. P. 299 (allowing findings of fact in favor of judgment to be presumed only when "one or more elements" of ground of recovery "has been found by the trial court"); *Maldonado v. Bearden*, No. 01-17-00371-CV, 2018 WL 4087411, at *5–6 (Tex. App.—Houston [1st Dist.] Aug. 28, 2018, no pet.) (mem. op.) (concluding that because no element of recovery sought by applicant (i.e., violation of prior protective order) was included in trial court's findings of fact, appellate court could not presume any such findings in support of issuance of protective order and, thus, evidence was legally insufficient to sustain the trial court's issuance of family-violence protective order).

**B.     Analysis**

Here, the trial court included the following findings in its findings of fact and conclusions of law:

- "[Jimmerson] and [Sharp] were previously involved in a dating relationship."

- "[Jimmerson] and [Sharp] share a child together."

- "Based on the evidence and testimony presented, there are reasonable grounds to believe that [Jimmerson] is a victim of harassment pursuant to Texas Penal Code [Section] 42.07."

- "A Protective Order is necessary for the safety and welfare of [Jimmerson]."

- "A Protective Order is necessary for the prevention of further conduct by [Sharp]."

- "[Sharp] has communicated to [Jimmerson] in a manner with the intent to harass, annoy, alarm, abuse, torment, or embarrass her."

- "[Sharp] used the child as leverage in an attempt to get [Jimmerson] to do something he wanted her to do."

The trial court did not make the required findings for issuance of a protective order under either the Family Code or Chapter 7A of the Code of Criminal Procedure. The trial court made no finding that Sharp engaged in family violence, that he was likely to engage in family violence in the future, that he was in violation of a prior family-violence protective order, or that there were reasonable grounds to believe that Jimmerson was the victim of stalking. Although the trial court found there were reasonable grounds to believe that Jimmerson was the victim of

13

harassment, harassment is not one of the enumerated offenses for which a person may seek a protective order under Chapter 7A. Act of May 16, 2011, 82nd Leg., R.S., ch. 135, § 2, art. 7A.01, 2011 Tex. Gen. Laws 640, 640 (repealed 2019). Just as the Family Code requires certain findings to be made before a protective order can issue, former Article 7.03 explicitly required the court to make a finding as to whether there were reasonable grounds to believe that the applicant is a victim of stalking. *See* Act of May 16, 2011, 82nd Leg., R.S., ch. 135, § 4, art. 7A.03, 2011 Tex. Gen. Laws 640, 641 (repealed 2019); *Shoemaker*, 493 S.W.3d at 717.

Because the trial court made findings of fact and conclusions of law that lack any reference to these required findings, we can neither presume the existence of these omitted findings in support of the judgment nor independently review the record to ascertain whether the evidence would support such findings had they been made. *See* TEX. R. CIV. P. 299; *Taylor*, 608 S.W.3d at 272. Because our review is limited to the confines of the findings of fact issued by the trial court in this case, we hold that the evidence is legally insufficient to sustain the trial court's issuance of the protective order pursuant to the Family Code or Chapter 7A of the Code of Criminal Procedure. *See Maldonado*, 2018 WL 4087411, at *5–6.

We sustain Sharp's second and third issues.

14

## Conclusion

We vacate the trial court's order and dismiss the case. We again note that nothing in this opinion prevents Jimmerson from seeking further relief from the trial court in the form of a new protective order. *See Taylor*, 608 S.W.3d at 272; *Maldonado*, 2018 WL 4087411, at *6 n.3.


Amparo Guerra
Justice

Panel consists of Justices Kelly, Guerra, and Farris.